IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RANDON L. WEESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-08-615-L |
| | ) | |
| L-3 COMMUNICATIONS | ) | |
| VERTEX AEROSPACE, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Plaintiff Randon L. Weese filed this lawsuit against defendant L-3 Communications Vertex Aerospace, L.L.C. on June 16, 2008, alleging employment discrimination because of disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and because of handicap in violation of the Oklahoma Anti-Discrimination Act, 25 O.S. 1991 §§ 1101 *et seq.* ("OADA") [Doc. No. 1]. Although defendant was properly served with the Complaint through its registered service agent on July 8, 2008, it failed to answer or otherwise appear in this action. Entry of Default was issued by the clerk and, after an evidentiary hearing on damages, the court entered its Default Judgment in favor of plaintiff on February 6, 2009, explaining its basis for the computation of damages and finding that plaintiff was entitled to damages including back

pay, compensatory damages, punitive damages, applicable interest, and a reasonable attorney's fee [Doc. No. 12].

This matter is before the court on Defendant's Motion for Rule 60(b) Relief From Default Judgment [Doc. No. 16], filed on February 5, 2010. Defendant claims that its failure to respond to the Complaint was due to the neglect of its general counsel, Mr. Steve Sinquefield, along with several "aberrant departures" from defendant's established internal process for ensuring timely responses to litigation. Defendant's brief further elaborates on the actions taken by Mr. Sinquefield in connection with his handling of this matter, and the court has carefully reviewed the facts as well as the defendant's explanations for its actions and the lack of a timely response to the Complaint. Plaintiff argues that defendant's inattentiveness to the lawsuit after being served, and after having actual knowledge that the Complaint had been filed, fails to demonstrate "excusable neglect" to justify vacating the default judgment. Upon careful review of the facts, and upon consideration of the briefs submitted by counsel, the court finds that defendant's motion must be denied, for the reasons stated below.

Rule 60(b) provides in pertinent part that:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; [or]

* * *

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1) & (6). A motion under Rule 60(b) must be made within a reasonable time – and for reason number one, including excusable neglect, the motion must be made no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). The burden is on defendant to prove its entitlement to relief. Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990). Neglect is defined as "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to esp[ecially] through carelessness.'" Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 113 S.Ct. 1489, 1494-95 (1993) (*quoting* Webster's Ninth New Collegiate Dictionary 791 (1983)).

The United States Supreme Court has identified four factors for determining when neglect constitutes "excusable neglect." The court must examine "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." City of Chanute, Kansas v.

Williams Nat. Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994), *cert. denied*, 513 U.S. 1191 (1995) (*quoting* Pioneer, 113 S.Ct. at 1495). The court's determination of whether neglect is excusable is fundamentally "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer, 113 S.Ct. at 1498.

Mindful of these authorities, the court has carefully considered the circumstances surrounding defendant's failure to answer in order to determine whether its actions should be considered as "excusable neglect." The "Background and Procedural History" section provided by defendant in connection with its motion [Doc. No. 16, pp. 5-9] provides the following facts in paragraphs 4 through 10, which are summarized by the court as follows (citations to exhibits are omitted):

Defendant admits it was properly served with the Complaint through its registered service agent, on July 8, 2008, and that its service agent forwarded the Complaint to defendant's parent company on the same day of service. The Complaint was then duly forwarded to Lee Estes, interim general counsel, who then sent the Complaint by email to Mr. Sinquefield, based in Madison, Mississippi, since Mr. Sinquefield was responsible for overseeing the company's litigation in Oklahoma. Mr. Sinquefield was out of town when the Complaint was emailed to him, and only reviewed the email message on his Blackberry device. Mr. Sinquefield "did not fully appreciate" that the email

4

message was the electronic transmission of a Complaint and Summons, and would not be followed by a hardcopy sent by Federal Express, as had occurred in earlier transmissions. "Consequently, Mr. Sinquefield neither alerted his assistant (Barbara Crosswhite) about the new lawsuit, nor flagged the email message for follow-up and handling upon his return to the office in Mississippi; instead, he left the message unattended to, to then be swallowed up by the legion of electronic messages he receives each day."

In a phone conversation and follow-up email message on September 25, 2008 with Crowe & Dunlevy attorney Jeremy Tubb (who was representing defendant on other cases at the time), Mr. Tubb mentioned to Mr. Sinquefield that he had seen the present lawsuit in a daily reporting service, noting, "I take it you have not yet been served." In responding, Mr. Sinquefield states that he searched his email archives and folders for email received from an administrative assistant, Ms. Langford. Mr. Sinquefield only searched the emails received from Ms. Langford because up until then, lawsuits forwarded to him from Greenville had always come from Ms. Langford. Unlike these other lawsuits, however, Mr. Estes forwarded the Complaint, not Ms. Langford. According to defendant, Mr. Estes had only recently taken over the Greenville general counsel position, and had "departed from the earlier Langford-to-Sinquefield procedure that Mr. Sinquefield had become accustomed to." Consequently, "when Mr. Sinquefield did not find a *Weese* email from Ms.

Langford, and because it did not occur to Mr. Sinquefield to search email messages from Mr. Estes, he responded to Mr. Tubb's September 25, 2008 email inquiry by replying 'Not yet.'"[1]  According to defendant, when Mr. Sinquefield and Mr. Tubb discussed the filing in September of 2008, and when Mr. Sinquefield mistakenly believed that defendant had not been served, "they construed that lack of service as lack of interest or pursuit by the plaintiff of the litigation, rather than a reason to suspect that a default had occurred."  Doc. No. 16, p. 12.

Defendant says it first learned of the default judgment in this case on January 13, 2010 as a result of a telephone conversation in an unrelated case between another Crowe & Dunlevy attorney and plaintiff's counsel in this case, Mr. Durbin.  Mr. Tubb then entered his appearance in this case on January 20, 2010, and the motion for relief from the judgment was filed on February 5, 2010, almost a year to the day from the February 6, 2009 default judgment.

Under these facts, the court ultimately agrees with plaintiff that defendant's inattentiveness to the lawsuit after being served, and after having received actual knowledge that the Complaint had been filed, fails to demonstrate "excusable neglect" to justify vacating the default judgment.

---

[1]  As noted by plaintiff, Mr. Sinquefield's reply of "Not yet" came less than twelve minutes after Mr. Tubb's email.

Defendant received actual notice of the filing of the Complaint and was thus made aware of not only the date of filing in this court but also the identity of the parties and plaintiff's attorney as well as the case number. Not only was defendant made aware of the Complaint initially, Mr. Sinquefield was reminded of the lawsuit by Mr. Tubb in a later phone conversation and email in September of 2008. Despite this reminder, Mr. Sinquefield made only a cursory and incomplete search at that time to determine if service had been made, and further made the erroneous assumption that plaintiff had decided not to pursue the lawsuit. Thereafter, he made no affirmative attempt to check the court's docket or to ascertain from the registered service agent or anyone else as to whether service had been accomplished. Defendant has failed to provide an acceptable explanation for its failure to monitor the case throughout at least the 120 day time limit for service provided in Fed. R. Civ. P. 4(m), particularly given the chronology of events surrounding its actual knowledge of the Complaint and subsequent communications regarding the lawsuit. There is no indication that defendant attempted to follow up on the case or to monitor the litigation in any way until the time the default judgment was discovered, fortuitously, in January of 2010. When the relevant circumstances related to defendant's failure to respond to the Complaint are carefully considered in light of the pertinent factors, the court cannot find that

the neglect was excusable.

Having found that defendant has failed to meet its burden of showing excusable neglect pursuant to Rule 60(b)(1), the court further concludes that relief under Rule 60(b)(6) is not called for in this case. Such relief is appropriate only "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." Cashner, 98 F.3d at 580. There is nothing which offends justice about the denial of defendant's motion to set aside the default judgment under the facts presented.

The court also rejects defendant's argument that the case should proceed on the merits because of the presence of meritorious defense. *In addition to proving excusable neglect*, defendant must also establish the additional requirement that it has a meritorious defense to the action before relief can be granted. Cashner v. Freedom Stores, Inc., 98 F. 3d 572, 578 n. 2 (10th Cir. 1996) (emphasis added). Clearly, this requirement is in addition to the threshold showing of excusable neglect. Otoe County Nat'l Bank v. W & P Trucking, Inc., 754 F.2d 881, 883 (10th Cir. 1985). The court agrees with plaintiff that the issue of a meritorious defense need not be addressed in light of the court's determination that defendant has failed to meet its threshold requirement of establishing excusable neglect.

In conclusion, for the reasons stated above, Defendant's Motion for Rule 60(b) Relief From Default Judgment **[Doc. No. 16]** is **DENIED.**

It is so ordered this 15th day of April, 2010.

_____
TIM LEONARD
United States District Judge